UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DARYL JACKSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV420-126 |
| ) | CR417-195 |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* movant Daryl Jackson pleaded guilty to a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). *See* doc. 55 at 1 (Judgment).[1] He was sentenced to a term of 180 months of imprisonment. *Id* at 2. After his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), his conviction was summarily affirmed. *See* doc. 86. He moved to vacate his conviction, pursuant to 28 U.S.C. § 2255, doc. 89, and the Court granted him leave to amend it, doc. 111; *see also* doc. 114 (Amended Motion). The Government moved to dismiss his Amended Motion, doc.

---

[1] The Court cites to the criminal docket in CR417-195 unless otherwise noted.

1

115, and he responded in opposition, doc. 116. He has now moved to hold this case in abeyance pending the Supreme Court's disposition of *United States v. Jackson*, doc. 119, *see also* 143 S. Ct. 2457 (2023) (granting petition for writ of certiorari), which the Government opposes, doc. 120. As explained below, Jackson's Motion is **DENIED**, doc. 119, the Government's Motion to Dismiss should be **GRANTED**, doc. 115. Civil Action CV420-126 should, therefore, be **DISMISSED** in its entirety.

## ANALYSIS

Jackson was convicted of a single count of possession of a firearm by a convicted felon. *See* doc. 55 at 1. His conviction included the enhanced penalties provided under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). *Id.*; *see also, e.g., Johnson v. United States*, 576 U.S. 591, 593 (2015). His original § 2255 Motion asserted as its only ground that his prior convictions "for '[burglary]' and drug charges does not meet the requirement for the 'ACCA's' application." *See* doc. 89 at 4. His Amended Motion asserts two grounds. *See* doc. 114 at 4-15. Ground One asserts that two prior "cocaine-related" convictions relied upon to qualify him as an Armed Career Criminal were not "serious drug offenses," under §922(g). *See id.* at 6-9. Ground Two asserts his

conviction for burglary does not qualify as a predicate offense under the ACCA. *Id.* at 11-14 (citing *Borden v. United States*, ___ U.S. ___, 141 S. Ct. 1817 (2021), and *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019)).

The Government moves to dismiss Jackson's Amended Motion on multiple procedural grounds and because he has not asserted any meritorious argument that he is no longer an Armed Career Criminal. *See* doc. 115 at 1. First, the Government argues that Jackson's challenge, in Ground One, to the categorization of his prior drug convictions as "serious drug offenses," is untimely. *Id.* at 4-8. Second, it argues that both grounds are procedurally barred. *Id.* at 8-9. The Government argues, alternatively, that both are procedurally defaulted. *Id.* at 9-13. Finally, the Government argues that both grounds fail on their merits. *Id.* at 13-16. The Government is correct that Ground One, as presented in Jackson's Amended Motion, is untimely. It is also correct that both of Jackson's grounds are procedurally defaulted. Since both grounds are procedurally defaulted, the Court does not analyze their merits. *Cf. Bido v. United States,* 438 F. App'x 746, 748 (11th Cir. 2011) (declining to reach the merits of a procedurally-defaulted § 2255 claim).

First, the Government is correct that Ground One in Jackson's Amended Motion is untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for § 2255 motions. 28 U.S.C. § 2255(f); *Davenport v. United States,* 217 F.3d 1341, 1343 (11th Cir. 2000). When a petitioner files a timely § 2255 motion, and then later files an untimely amended or supplemental motion that raises additional claims, the untimely claims are barred by the statute of limitations unless they "relate back" to the original motion under Federal Rule of Civil Procedure 15(c). *Davenport,* 217 F.3d at 1344. A claim "relates back" if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." *Dean v. United States,* 278 F.3d 1218, 1221 (11th Cir. 2002). The United States Supreme Court has cautioned that the "conduct, transaction, or occurrence" language of Rule 15(c) should not be defined "at too high a level of generality," because doing so would defeat Congress's intent to

4

impose a strict time limit on claims for post-conviction relief. *Mayle v. Felix,* 545 U.S. 644, 661-62 (2005) (quotation marks omitted). Thus, an amended pleading relates back to an original pleading only if both pleadings "state claims that are tied to a common core of operative facts." *Id.* at 664. Similarly in the Eleventh Circuit, "the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *See Davenport*, 217 F.3d at 1344 (quotation marks omitted).

Although Jackson's original Motion states, generally, that his prior convictions on "drug charges [do] not meet the requirement for the 'ACCA's' application," doc. 89 at 4, the brief he submitted makes clear that he intended to assert the same claim raised in his response to his appellate counsel's *Anders* brief, that his drug convictions were not ACCA predicates under the Fourth Circuit's reasoning in *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), *see* doc. 90 at 1-3.² Ground One, as presented

---

² Jackson, as the Government points out, "abandoned much of his prior arguments [sic]," including the one based on *Newbold* and *Simmons*. *See* doc. 115 at 6. Even if that argument were not abandoned, it is clearly identical to the argument he raised in his response to his counsel's *Anders* brief, discussed below. *See infra* at 8. Since that argument was clearly presented to, and rejected by, the Eleventh Circuit on

in his Amended Motion, challenges the categorization of his two prior drug convictions as ACCA predicates for an entirely new reason, relying on the Eleventh Circuit's opinion in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) *vacated and superseded by* 55 F.4th 846 (11th Cir. 2022). *See* doc. 114 at 6-9. It is, therefore, a new claim that does not relate back to the date of his original filing. Thus, as the Government points out, the claim based the Eleventh Circuit's opinion in *Jackson* is untimely. *See* doc. 115 at 8.

Second, the Government is correct that both Ground One and Ground Two are procedurally defaulted. The Eleventh Circuit has recently explained the related doctrines of "procedural bar" and "procedural default" in the context of § 2255 motions. *See Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022). *Seabrooks* explained:

> The terms 'procedurally barred' and 'procedurally defaulted' have distinct meanings. A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and [the Court of Appeals] rejected on direct appeal. [Cit.] A defendant can overcome a procedural bar when . . . there is an intervening change in law. [Cit.]

---

direct appeal, Jackson is procedurally barred from raising it here, even if he had not abandoned it.

> By contrast, a 'procedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion. [Cit.] If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. [Cit.] To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence. [Cit.]

*Id.* (citations omitted).

In the Eleventh Circuit, under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal citation and punctuation omitted). The procedural default rule "'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'" *Id.* (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

A showing of "cause and prejudice" can overcome a defendant's default. *McKay*, 657 F.3d at 1196. More specifically, a defendant can overcome "application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal *and* actual prejudice

7

from the alleged error.'" *Id.* (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (alteration and emphasis in original)). To show cause to excuse procedural default, a defendant must show that "some objective factor external to the defense prevented [the defendant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the defendant's] own conduct." *Lynn*, 365 F.3d at 1235. The movant bears the burden of showing cause and prejudice to excuse a procedural default. *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)).

The precise relationship between the claims raised in Jackson's direct appeal and in the instant Motion are unclear. The Government points out that Jackson's response to his appellate counsel's *Anders* brief included the assertion that convictions used to enhance his sentence did not qualify as ACCA predicates. *See United States v. Jackson*, No. 19-12020, doc. 36 at 1-2 (11th Cir. Feb. 3, 2020). However, Jackson's assertion was terse. He first challenged that an unspecified 1993 conviction did not qualify under the principles articulated in *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015) and, apparently, *United*

*States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *See id.* He then stated, without any argument, "none of his remaining prior state conviction [sic] for a 1995 drug offense nor burglary qualify." *Id.* at 2. As to the burglary conviction, he stated "[t]he record doesn't specify whether [he] was convicted of generic burglary." *Id.* His counsel's *Anders* brief explained that he had "been unable to find any legal basis upon which to challenge the sentence[,]" and noted Jackson's contention that "the Probation Officer and District Court improperly separately counted prior convictions that were entered at the same time." *Jackson*, No. 19-12020, doc. 33-1 at 4 (11th Cir. Jan. 2, 2020). Despite Jackson's assertions, and based upon an "independent review of the entire record," the Court of Appeals found "no arguable issues of merit," and affirmed Jackson's conviction. Doc. 86 at 2.

The Eleventh Circuit has concluded that issues raised in *Anders* briefs and defendants' objections to those briefs are sufficient to procedurally bar those issues from relitigation under § 2255. *See Stoufflet v. United States*, 757 F.3d 1236, 1242 (11th Cir. 2014). As *Stoufflet* succinctly stated, "presented is presented, [cit.], even if raised only in the *pro se* response to an *Anders* brief." *Id.* (internal quotation

marks and citation omitted).  It is clear, therefore, that *some* challenge to Jackson's predicate convictions was raised, and rejected, on direct appeal. It is not clear, however, whether they are identical to the instant grounds. *See, e.g., Sanders v. United States*, 373 U.S. 1, 16 (1963) ("[I]dentical grounds may often be supported by different legal arguments, or be couched in different language, or vary in immaterial respects." (citations omitted)).

The Government asserts[3] that both grounds were presented on direct appeal. *See* doc. 115 at 8-9.  Jackson's response does not address the Government's procedural bar argument at all. *See generally* doc. 116. Jackson's Amended Motion explicitly alleges that neither ground was raised on direct appeal.  *See* doc. 114 at 4, 10.  Given the state of the parties' arguments, therefore, the Court cannot definitely conclude either that the instant grounds are procedurally barred or that they are not. Since the Court "can employ its discretion in deciding whether a claim has previously been raised," *see, e.g., Gunn v. United States*, 2023 WL 3586427, at *4 (S.D. Ga. May 22, 2023) (citing *Sanders*, 373 U.S. at 16)),

---

[3] Given the ambiguity discussed above, it seems noteworthy that the Government asserts the claims "were *arguably* already decided on direct appeal." *See* doc. 115 at 8 (emphasis added).

10

the Court should credit Jackson's allegation that they were not raised. *See, e.g., Hawks v. United States*, 2022 WL 1122625, at *5 (S.D. Fla. Mar. 11, 2022) ("[A]ny doubts as to whether two grounds are different or the same should be resolved in favor of the applicant." (internal quotation marks omitted) (quoting *Sanders*, 373 U.S. at 16)).

Both the Government and Jackson express willingness to "assume[ ] *arguendo*," that the instant grounds were not raised on direct appeal.  Doc. 116 at 3; *see also* doc. 115 at 9.  Assuming that the grounds raised in Jackson's motion were distinct from the similar issues raised on direct appeal, they are procedurally defaulted.  *See* doc. 115 at 9-10.  To pursue either claim now, therefore, he must show (1) cause and prejudice, or (2) "a miscarriage of justice, or actual innocence," to excuse that default.  *McKay*, 657 F.3d at 1196.  "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." *Id.* (citing *Dretke v. Haley*, 541 U.S. 386, 388 (2004)).  The Supreme Court has explained that "[a]ctual innocence means *factual* innocence, not mere legal insufficiency." *Bousely v. United*

11

*States*, 523 U.S. 614, 623 (1998) (emphasis added). Even if the actual innocence exception could apply to Jackson's claims, as the Government points out, "Jackson does not contend that he is factually innocent of being a felon in possession of a firearm." Doc. 115 at 12. His dispute concerning his enhanced sentence is a legal, not a factual, one. *See, e.g., McKay*, 675 F.3d at 1200 ("In short, the actual innocence exception does not apply to [Movant's] claim that he was erroneously sentenced as a career offender."). Whether Jackson can excuse his procedural default, therefore, depends upon whether he can show cause and prejudice.

Liberally construed, Jackson contends that the grounds he raises reply upon cases that had not been decided prior to his direct appeal. *See* doc. 114 at 18. "The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that 'its legal basis [was] not reasonably available," during a direct appeal. *United States v. Bane*, 948 F.3d 1290, 1296-97 (11th Cir. 2020). Not every claim based on post-appeal authority is novel, however. "[T]he question is not whether subsequent legal developments have made [succeeding on a claim] easier, but whether at the time of the default the claim was 'available' at all." *McCoy v. United States*, 266 F.3d 1245, 1258

(11th Cir. 2001) (quoting *Smith v. Murray*, 477 U.S. 527, 537 (1986)). Even "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In Ground One, Jackson contends that two cocaine-related convictions relied upon to enhance his sentence involved ioflupane,[4] which the Eleventh Circuit recognized cannot serve as ACCA predicates. *See* doc. 114 at 7 (citing *Jackson*, 36 F.4th 1294). The Eleventh Circuit has issued two opinions in *United States v. Jackson*. *See* 36 F.4th 1294, *superseded by* 55 F.4th 846; *see also United States v. Grant*, 2023 WL 5230970, at *5 (11th Cir. Aug. 15, 2023) (explaining procedural history of *Jackson* opinions). In the first, the Court of Appeals held that "[b]ecause ioflupane was not a 'controlled substance' under federal law when [the defendant] committed his § 922(g) firearm-possession offense, his state offenses . . . do not qualify under ACCA as 'serious drug offenses." 36 F.4th 1294 at 1304 (internal quotation marks, citations, and alterations omitted). The superseding opinion reached the "bottom-line conclusion:

---

[4] Iofllupane is "a cocaine analogue," *Alston v. United States*, 2023 WL 2974174, at *10 (M.D. Fla. Apr. 17, 2023), or a "cocaine-related substance," *Jackson*, 55 F.4th at 851.

13

ACCA's definition of a state 'serious drug offense' incorporates the version of the federal controlled-substances schedules in effect when the defendant was convicted of the prior state drug offense." 55 F.4th at 854. The Supreme Court granted a writ of certiorari on the superseding opinion. *See* 143 S. Ct. at 2457. There is no question that, when Jackson's relevant convictions occurred, in 1995 and 1999, *see* doc. 114 at 6, ioflupane was included on the federal controlled-substances schedule, *see Jackson*, 55 F.4th at 851. There is, similarly, no question that the federal-controlled substances schedule did not include ioflupane in 2017, when Jackson committed the firearms offense at issue. *See, e.g.,* doc. 1 (Indictment alleging possession of a firearm "on or about April 15, 2017"); *Jackson* 55 F.4th at 851.

Ultimately, whether Movant Jackson's convictions are affected by the Eleventh Circuit's governing opinion in *Jackson*, or the Supreme Court's ultimate disposition of that issue, it does not affect Movant Jackson's procedural default of that argument. The Government points out that the United States Court of Appeals for the Third Circuit discussed ioflupane's removal from the federal controlled-substances schedule in 2018. *See* doc. 115 at 12 (citing *Martinez v. Attorney General*,

14

906 F.3d 281, 287 (3d Cir. 2018); *United States v. Holliday*, 2020 WL 814030, at \*1-\*3 (D. Mont. Feb. 19, 2020)). In *Martinez,* the appellant argued that he was not convicted of a controlled-substance offense because the federal controlled-substances schedule exempted ioflupane at the time of removal proceedings. *Martinez,* 906 F.3d at 287. The Third Circuit rejected that argument on the grounds that schedule at the time of the underlying conviction was relevant. *Id.* As the Government argues, although the legal context of Jackson's case and *Martinez* differs, Martinez's assertion of the argument shows that the "building blocks" of the claim were available no later than 2018, over a year before Jackson's appeal. *Bane*, 948 F.3d at 1297 ("[A] claim is not novel . . . when the building blocks of the claim were available," on direct appeal (citing *McCoy*, 266 F.3d at 1258-59)).

Ground Two, challenging that Jackson's burglary conviction is not an ACCA predicate, relies on *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Borden v. United States*, 141 S. Ct. 1817 (2021). Doc. 115 at 4; *see also* doc. 114 at 10. As the Government points out, *Davis* was decided while Jackson's appeal was pending, before his counsel's *Anders* brief or his response were even filed. *Compare Davis*, 139 S. Ct. 2319

15

(decided June 24, 2019), *with Jackson*, No. 19-12020, doc. 29 (*Anders* brief, filed December 23, 2019), *and* doc. 36 (Jackson's response to *Anders* brief, filed February 3, 2020). Further, as the Government points out, "the argument about whether a 'reckless' mens rea qualified for enhancement purposes had been made in various contexts for years. Doc. 115 at 12. The United States District Court for the Southern District of Florida recently found that such an argument, invoking *Bousely*, was "available" to a § 2255 movant whose direct appeal concluded in 2015. *See Cameron v. United States*, 2023 WL 2475437, at *6-*7 (S.D. Fla. Mar. 13, 2023). To the extent that Jackson asserts that either *Davis* or *Borden* were sufficiently novel to excuse his procedural default, he has not borne his burden.

Ground One, as presented in Jackson's Amended Motion, is untimely. Since Jackson did not raise either of his asserted grounds on his direct appeal, both are procedurally defaulted. For the reasons discussed above, neither ground asserts a claim sufficiently novel to constitute cause to excuse Jackson's procedural default. Moreover, Jackson bore the burden to show cause and prejudice to excuse that default, and his failure to meaningfully address the Government's

16

argument clearly fails to bear that burden. *See generally* doc. 116. Thus, Ground One fails for two independently sufficient reasons and Ground Two is procedurally defaulted.

Jackson's Motion to hold this case in abeyance until the Supreme Court finally resolves *Jackson v. United States* depends entirely upon that disposition's relevance to his claims in Ground One. *See* doc. 119 at 2. The Government opposes that request, in part, on the grounds that the Supreme Court's decision could not affect the "statutory and procedural bars," to Jackson's claims. *See* doc. 120 at 2 n. 2. The Government is correct. Regardless of the Supreme Court's decision in *Jackson v. United States*, Ground One is both untimely and procedurally defaulted. Moreover, this Court has previously recognized that "[g]rants of certiorari do not themselves change the law, and must not be used as a basis to grant relief that would otherwise be denied," in denying a request to hold a § 2255 proceeding in abeyance. *Barbour v. United States*, 2016 WL 4275771, at *1 (S.D. Ga. Aug. 11, 2016). Accordingly, Jackson's Motion is **DENIED**. Doc. 119.

## CONCLUSION

Accordingly, the Government's Motion to Dismiss should be **GRANTED**. Doc. 115. Jackson's § 2255 Motion, as amended, should be **DISMISSED**. Docs. 89 & 114. Civil action CV420-126 should be **DISMISSED** in its entirety. Jackson's Motion to hold this case in abeyance is **DENIED**. Doc. 119.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate

Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 5th day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA