# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DARYL JACKSON,                    )
                                 )
    Movant,                      )
                                 )
v.                               )          CV420-126
                                 )          CR417-195
UNITED STATES OF                 )
AMERICA,                         )
                                 )
    Respondent.                  )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, CR417-195, doc. 121; CV420-126, doc. 28, to which objections have been filed, CR417-195, doc. 123; CV420-126, doc. 30.[1] Accordingly, Jackson's objections are **OVERRULED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Jackson also appeals the Magistrate Judge's denial of his Motion to hold this

---

[1] The Court cites to the docket in CV420-126 unless otherwise noted. Additionally, the Clerk docketed Jackson's response to the Magistrate Judge's Order and Report and Recommendation twice, based on the separate relief sought related, respectively to the Order and to the Report and Recommendation. *Compare* doc. 30, *with* doc. 31. The Court cites only to the first version docketed, doc. 30, in the discussion below.

case in abeyance, doc. 31, which the Government opposes, doc. 33. For the reasons explained more fully below, Jackson's Motion requesting reconsideration of the Magistrate Judge's Order is **DENIED**. Doc. 31.

The Report and Recommendation explained that Jackson was convicted of a single count of possession of a firearm by a convicted felon and subjected to the enhanced penalties provided under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). Doc. 28 at 2. Jackson's original § 2255 asserted only one ground, that his prior convictions "for burglary and drug charges" were not ACCA predicates. *Id.* (citing CR417-195, doc. 89 at 4 (alterations omitted)). His Amended Motion asserted two grounds: (1) "that two prior 'cocaine-related' convictions" were not "serious drug offenses," under 18 U.S.C. § 922(g); and (2) that his conviction for burglary does not qualify as an ACCA predicate. *Id.* at 2-3 (citing and quoting CR417-195, doc. 114 at 6-9, 11-14). The Government moved to dismiss Jackson's Amended Motion "on multiple procedural grounds" and on the merits. *Id.* at 3 (citing CR417-195, doc. 115). The Magistrate Judge concluded that the Government was correct that Ground One was untimely, as it did not relate back to the date of Jackson's original Motion, *id.* at 4-6, and that it was correct

that both grounds were procedurally defaulted, *id.* at 6-17. Jackson objects to all of the Magistrate Judge's conclusions. *See generally* doc. 30.

Jackson first objects to the Magistrate Judge's conclusion that Ground One was time barred. Doc. 30 at 4-6. The Magistrate Judge correctly recognized that a ground for relief asserted for the first time in an amended motion relates back to the original motion if "the amended claim arises from the same conduct and occurrences upon which the original claim was based." *Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002); *see* doc. 28 at 4-5. The Magistrate Judge noted that, although Jackson's original Motion stated the sole ground asserted in general terms, "the brief he submitted makes clear that he intended to assert the same claim raised in his response to his appellate counsel's *Anders* brief," based on his citation to several Fourth Circuit cases. Doc. 28 at 5. Ground One, as presented in Jackson's Amended Motion, challenges the categorization of his prior convictions as ACCA predicate offenses "for an entirely new reason, relying on the Eleventh Circuit's opinion in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022), *vacated and superseded by* 55 F.4th 846 (11th Cir. 2022)." *Id.* at 6.

Despite the similarity between the two asserted grounds, *i.e.,* that they challenge whether Jackson's prior convictions are properly counted as ACCA predicates, the Magistrate Judge concluded that Ground One in the Amended Motion "is . . . a new claim that does not relate back to the date of his original filing," and is, therefore, untimely. *Id.*

Jackson's objection to that determination is somewhat confused. On the one hand, he asserts that his original statement "placed the government on notice" as to his argument that recent Eleventh Circuit precedent, discussed below, excludes some of his prior convictions as ACCA predicates. Doc. 30 at 5. On the other hand, he asserts that that Ground was procedurally proper based on "an intervening change in law." *Id.* That "intervening change," the Amended Petition makes clear, was the Eleventh Circuit's decision in *Jackson,* in 2022, after his original Motion was filed. *See* doc. 22 at 6. As the Government's brief argues, and the Magistrate Judge recognized, those two claims rely on wholly different theories, and underlying facts, to disqualify the predicate convictions. *See* doc. 23 at 6; *see also* doc. 28 at 5-6.

Although the Magistrate Judge's analysis focused more closely on the procedural default of the grounds asserted in Jackson's Amended

Motion,[2] comparison of Jackson's arguments clarifies the distinction in the factual bases of the respective claims and confirms the Magistrate Judge's conclusion. Jackson's original Motion asserts that he "was not sentenced under any aggravating factor nor any criminal history to consider but was sentenced to seven years probation on the first drug offense and seven years imprisonment on the second substantiate [sic] that he was sentenced in error under the ACCA because these offenses doesn't [sic] qualify." Doc. 2 at 3. The facts underlying that claim, therefore, clearly concern the sentences he received on his prior convictions. *Cf.* 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense," as, *inter alia*, one for a state controlled substances offense "for which a maximum term of imprisonment of ten years or more is prescribed by law"). By contrast, Ground One of Jackson's Amended Motion is based upon his allegation that "[b]ecause ioflupane was not a controlled substance under Federal Law when Jackson committed his § 922(g) firearm-possession offense, his state offenses did not

---

[2] Although the Magistrate Judge's analysis of Ground One's relation back to Jackson's original Motion was not as detailed as his alternative analysis of Jackson's procedural default of that Ground, discussed below, this Court is not limited in its consideration of the merits of the relation-back argument. *See, e.g.*, 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

necessarily 'Entail' the conduct set out in ACCA serious drug offense definition." Doc. 22 at 7. Although both claims challenge the qualification of his prior convictions as ACCA predicates, they clearly do so based on wholly different facts, *i.e.*, the sentences imposed for those convictions and the legal status of ioflupane. *Cf. Anderson v. United States*, 2015 WL 13389902, at *10 (S.D. Ohio Feb. 10, 2015) ("While the ACCA issue raised in the original pleading is touched upon in the new claim, the new claim raises a different theory for relief in relation to that issue. . . ," and so did not relate back). Ground One, therefore, does not relate back to the date of the original petition's filing and is untimely.

The Magistrate Judge also considered whether both Ground One and Ground Two of the Amended Petition were either procedurally barred or procedurally defaulted. Doc. 28 at 6-16. Jackson appealed his sentence and the Court of Appeals affirmed, after his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See* CR417-195, doc. 86 at 2. The Magistrate Judge discussed the potential implications that the proceedings on Jackson's direct appeal might have on the grounds asserted in the Amended Petition. *See* doc. 28 at 8-10.

6

The Magistrate Judge, however, rejected the Government's argument that both grounds "were arguably already decided on direct appeal." *Id.* at 10 n. 3 (quoting CR417-194, doc. 115 at 8) (internal quotation marks and emphasis omitted); *see id.* at 10-11 (citing *Hawks v. United States*, 2022 WL 1122625, at *5 (S.D. Fla. Mar. 11, 2022) (recommending the Court "credit Jackson's allegation that [neither ground in the Amended Motion was] raised."). The Magistrate Judge, therefore, assumed that neither ground was raised on direct appeal and proceeded to consider whether there was any basis to excuse the resulting procedural default. *Id.* at 11-16.

As to Ground One, Jackson does not object to the Magistrate Judge's analysis, but suggests, vaguely, that the well-established jurisprudence concerning the doctrines of procedural bar and procedural default are unconstitutional. *See* doc. 30 at 5. The Magistrate Judge, in express reliance on Eleventh Circuit precedent, explained that "procedural bar" and "procedural default" are distinct concepts. *See* doc. 28 at 6-7 (quoting *Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022)). Claims that are raised, and rejected, on direct appeal are "procedurally barred" on collateral review unless there has been an

intervening change in the law. *Seabrooks*, 32 F.4th at 1383. Claims that were not raised on direct appeal are "procedurally defaulted," and a § 2255 movant "may not present [such claims] . . . unless his procedural default is excused." *Id.* at 1384.

Jackson objects that "Seabrooks' distinction between 'procedural bar' and 'procedural default' creates a conundrum, or 'Catch 22,' which defies constitutional muster that should go in favor of movant." Doc. 30 at 5 (citing *Simmons v. United States*, 390 U.S. 377, 393-94 (1968)[3]). There is no conflict between the procedural doctrines. "As the Supreme Court has explained, [the procedural default rule] . . . is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)) (internal quotation marks omitted). Procedural bar recognizes the basic principle that a movant cannot relitigate a claim that an appellate court has already decided against him. *See, e.g., Stoufflet v. United States*, 757 F.3d 1236, 1239

---

[3] *Simmons* establishes that a defendant's testimony in support of a suppression motion, asserting his Fourth Amendment rights, may not be admitted against him at trial, to protect his Fifth Amendment right against self-incrimination. *Simmons*, 390 U.S. at 394.

(11th Cir. 2014).   Far from creating any "conundrum" or conflict, the joint doctrines prevent collateral review from becoming a substitute for a direct appeal.  *See, e.g., Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Because collateral review is not a substitute for a direct appeal the general rule[ has] developed that . . . a defendant must assert all available claims on direct appeal . . . ."  (citation omitted)).  Jackson's objection, therefore, is meritless.

Jackson's objection that Ground Two, that his prior burglary conviction is not an ACCA predicate offense, is not procedurally defaulted is also flawed.  He concedes that *United States v. Davis*, which provides the basis to exclude his burglary conviction as a predicate offense, was decided while his direct appeal was pending.  *See* doc. 30 at 6.  The Magistrate Judge relied upon that fact, in part, to conclude that the ground was available to Jackson on direct appeal, and his assertion of novelty failed to discharge his burden to excuse his procedural default.  *See* doc. 28 at 12-13, 15-16.  Jackson argues, instead, that the chronology supports relief; arguing that the Court of Appeals' failure "to apply" *Davis* to his appeal and the Government's "hushness" was error.  Doc. 30 at 6 (citing *Griffith v. Kentucky*, 479 U.S. 314 (1987); *Berger v.*

*United States*, 295 U.S. 78 (1935)).    Jackson's suggestion that the Government had an obligation to raise the issue can be resolved immediately.    Despite *Berger*'s recognition, in *dicta*, that the Government's "interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done," *Berger*, 295 U.S. at 88, the Government does not have an obligation to identify and raise claims on a defendant's behalf.

As to his contention that the Court of Appeals had an obligation to *sua sponte* raise the issue, the Eleventh Circuit has explained "[n]othing in *Griffith*, nor any other Supreme Court decision," requires application of new rules retroactively "even if the defendant has never raised or preserved the constitutional issue." *United States v. Levy*, 391 F.3d 1327, 1329 (11th Cir. 2004) (Hull, J. concurring in denial of rehearing *en banc*).    Even Judge Tjoflat, who would have extended *Griffith*, noted that the situation it presented, the ability of a § 2255 movant to establish " 'cause' for his failure to raise [the] claim on direct review" was "unlikely." *Id.* at 1340 (Tjoflat, J. dissenting).    Jackson's vague assertion that the Court of Appeals was obligated to raise a *Davis*

10

argument for him, *sua sponte*, during his direct appeal is, therefore, mistaken.

Although the Court agrees that Ground Two is procedurally defaulted, even if the Court accepted Jackson's argument, Ground Two is also meritless. In order to explain why it is meritless, the Court must provide some background concerning the structure of the ACCA. *See* 18 U.S.C. § 924(e). As the Supreme Court has explained:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. [18 U.S.C.] § 922(g). In general, the law punishes a violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); [cit.]. The Act defines 'violent felony' as follows: any crime punishable by imprisonment for a term exceeding one year that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Johnson v. United States*, 576 U.S. 591, 593-94 (2015) (internal quotation marks, alterations, and citations omitted). Courts have developed a specialized vocabulary to refer to various parts of the statute: "Subsection (i) . . . is known as the elements clause. The end of

subsection (ii)—'or otherwise involves conduct that presents a serious potential risk of physical injury to another'—is known as the residual clause[,]" *Welch v. United States*, 578 U.S. 120, 123 (2016), and "[t]he first part, listing burglary, arson, extortion or an offense involving the use of explosives, is known as the 'enumerated offenses clause,' . . . ," *Beeman v. United States,* 871 F.3d 1215, 1218 (11th Cir. 2017). The merit of Ground Two depends upon which of those clauses the sentencing court relied upon in concluding that Jackson's Georgia burglary conviction was a predicate offense.

Jackson argues, in Ground Two, that his "prior conviction 'burglary' does not qualify as a violent offense," because it does not qualify as a "crime of violence," under the Supreme Court's opinions in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), and *United States v. Borden*, 593 U.S. 420 (2021). Doc. 22 at 11. *Davis* held that the ACCA's "residual clause," 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. 139 S. Ct. at 2336. *Borden* held that offenses that require only a *mens rea* of recklessness, "a less culpable mental state than purpose or knowledge," cannot qualify as "violent felonies," under the ACCA's elements clause. 593 U.S. at 423-24. The

Government pointed out, in its Motion to Dismiss, that Jackson's burglary conviction qualifies as an ACCA predicate offense under the enumerated offenses clause, 18 U.S.C. § 924(e)(2)(B)(ii).  Doc. 23 at 15. Jackson's response to the Government's Motion as to Ground Two is limited to arguing that it is not procedurally defaulted.  *See* doc. 24 at 3.

The Eleventh Circuit has held, and recently reaffirmed, that Georgia "burglary convictions qualified as violent felonies under the ACCA's enumerated crimes clause."  *United States v. Sharp*, 2023 WL 7485230, at *3 (11th Cir. Nov. 13, 2023) (citing *United States v. Gundy*, 842 F.3d 1156, 1169 (11th Cir. 2016)).  Although Jackson claims "[t]here is no transcript or P.S.I. of a factual basis to justify which '[c]lause' of the ACCA's definition of violent felony a particular prior conviction fell under," doc. 22 at 13, the Government points out, correctly, that "the [Presentence Investigation Report ("PSR")] specifically stated that the burglary conviction qualified as an enumerated offense," doc. 23 at 15 n. 5 (citing PSR ¶ 184).  The Government also points out that the District

---

4  The Court appreciates that Jackson's confusion concerning the relevant findings may result from his lack of access to the Presentence Investigative Report. Although the District Judge confirmed at sentencing that his counsel had reviewed a copy with him, *see* CR417-195, doc. 74 at 5, this Court's Local Rules prohibit defendants from retaining copies of the PSR and they are not, otherwise, publicly available, *see* L.R. Crim. 32A(b).

Judge, at Jackson's sentencing, expressly adopted "the factual statements [and] the probation officer's conclusions as to the applicable advisory guidelines contained in the presentence investigative report . . . ." CR417-195, doc. 74 at 5. The record is, therefore, clear that the sentencing judge qualified Jackson's burglary conviction under the enumerated offenses clause, and not the elements clause or residual clause.

A § 2255 movant "bear[s] the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he will have to show that his § 924(c) conviction resulted from an application of solely the residual clause." *In re Hammoud*, 931 F.3d 1032, 1041 (11th Cir. 2019). Given the record of Jackson's sentencing, he cannot discharge that burden. Although it is less well-established, *Borden*'s application has not been extended to the enumerated offenses clause. *See United States v. Green*, 2023 WL 3843073, at *1 (5th Cir. June 6, 2023) ("*Borden,* however, did not address recklessness in the context of enumerated offenses."), *and United States v. Alexander*, 2022 WL 3644036, at *3 n. 2 ("*Borden* did not abrogate [prior precedent] because *Borden* addressed the ACCA's elements clause, not the enumerated crimes clause," of the United

States Sentencing Guidelines) (11th Cir. Aug. 24, 2022)[5], *and United States v. Powell,* 2022 WL 413943, at \*1 n. 2 (5th Cir. Feb. 10, 2022) ("Burglary is considered a violent felony under the enumerated offenses clause of the ACCA, [cit.] which was not at issue in *Borden*," and prior precedent continues to apply). *Borden,* therefore, is not relevant to whether Jackson's burglary conviction qualified as a predicate offense under the enumerated offenses clause. Thus, given the Eleventh Circuit's binding precedent that a Georgia burglary conviction is an ACCA predicate under the enumerated offenses clause, and the clear record that that clause was the basis for the sentencing court's decision, Ground Two fails on its merits.

Jackson also seeks "reconsideration" of the Magistrate Judge's denial of his request to hold this case in abeyance pending the Supreme

---

[5] *Alexander* is particularly instructive. The movant argued that prior circuit precedent finding Georgia's aggravated assault statute qualified as an ACCA predicate under the enumerated offenses clause "is not controlling because [the Court of Appeals] did not consider the argument that the *mens rea* element of the Georgia aggravated assault statute is broader than the generic version of aggravated assault." 2022 WL 3644036, at \*3. The Court rejected that argument and found the prior precedent remained binding authority. *Id.* Although *Alexander* considered United States Sentencing Guidelines provisions, the language of those provisions is identical to the language in § 924(e). *See, e.g., Welch v. United States,* 958 F.3d 1093, 1099 n. 3 (11th Cir. 2020) ("[T]he definitions of 'crime of violence' under the Sentencing Guidelines and 'violent felony' under the ACCA are virtually identical, and we have held that considering whether a crime is a violent felony is similar to considering whether a conviction qualifies as a crime of violence." (internal quotation marks, alterations, and citation omitted)).

Court's decision in *United States v. Jackson*.  *See* doc. 31 at 2-4.  As the Magistrate Judge summarized, the Eleventh Circuit issued two opinions in *United States v. Jackson*, the court's reasoning in the first of those opinions forms the basis for Ground One.  *See* doc. 28 at 13-14. The Magistrate Judge explained that, however the Supreme Court resolves *Jackson*, Ground One remains untimely or procedurally defaulted.  *See* doc. 28 at 5-6, 14-15.  Because the Supreme Court's disposition of *Jackson* does not clearly alter the analysis of Ground One, and because the grant of certiorari does not itself, "change the law, and must not be used as a basis to grant relief that would otherwise be denied," the Magistrate Judge denied Jackson's Motion to hold this case in abeyance.  *Id.* at 17 (quoting *Barbour v. United States*, 2016 WL 4275771, at *1 (S.D. Ga. Aug. 11, 2016)) (internal quotation marks omitted)).

"A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with

a definite and firm conviction that a mistake has been made." *Jackson v. Deen*, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (internal quotation marks and citation omitted). A magistrate judge's decision is contrary to law when it "fails to follow or misapplies the applicable law." *Id.* Jackson does not clearly articulate any contention that the Magistrate Judge's decision was clearly erroneous or contrary to law. He states that "the Magistrate Judge gave credence to the government's erroneous articulation of [*Martinez v. Attorney General*, 906 F.3d 281 (3d Cir. 2018)] by denying his request for [a]beyance." Doc. 31 at 4.

Jackson has not shown that the Magistrate Judge's denial of his request to hold this case in abeyance pending the Supreme Court's decision in *Jackson v. United States* was "clearly erroneous or contrary to law." Jackson's request for reconsideration merely observes that *Martinez* is distinguishable from his case. *See* doc. 31 at 3-4. But the Magistrate Judge's conclusion that Jackson could not show that Ground Two was sufficiently novel to excuse its procedural default does not depend on the cases being identical, merely on the fact that the "building blocks" of an argument concerning the status of controlled substances under federal and state law, and the impact of that status

on a conviction's character under the ACCA, "were available no later than 2018, over a year before Jackson's [direct] appeal." Doc. 28 at 15 (citing *United States v. Bane,* 948 F.3d 1290, 1297 (11th Cir. 2020)). Jackson does not identify any defect in the Magistrate Judge's reasoning. *See, e.g., Dominguez v. Metropolitan Miami-Dade Cnty.*, 359 F. Supp. 2d 1323, 1345 (S.D. Fla. 2004) ("[T]he objecting party is obliged to demonstrate that the magistrate judge was clearly wrong . . .").  His attempt to distinguish the cases, therefore, does not render the Magistrate Judge's analysis "clearly erroneous or contrary to law."

In summary, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented above.  CR417-195, doc. 121; CV420-126, doc. 28.   The Government's Motion to Dismiss is **GRANTED**.   CR417-195, doc. 115; CV420-126, doc. 23.   Jackson's Motion, as amended, is **DISMISSED**.   CR417-195, docs. 89 & 114; CV420-126, docs. 1 & 22.   Jackson's appeal of the Magistrate Judge's Order is **DENIED**.   CR417-195, doc. 124; CV420-126, doc. 31.   The Clerk is **DIRECTED** to **CLOSE** civil action CV420-126.  and enter the appropriate judgment of dismissal.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus.  28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) to the Rules Governing Section 2255 Proceedings.  This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing.  Accordingly, a COA is **DENIED** in this case.[6]  Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good

---

[6] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

faith.  Accordingly, movant is not entitled to appeal *in forma pauperis*.
*See* 28 U.S.C. § 1915(a)(3).

    **SO ORDERED** this __15__ day of March, 2024.

                                       _____

                                       LISA GODBEY WOOD, JUDGE
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF GEORGIA