UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

DARYL JACKSON

Case No. 4:17cr195

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

In June 2018, Defendant pled guilty to being a felon in possession of a firearm. Due to his two previous convictions for sale of cocaine and one conviction for burglary, Defendant was subject to an Armed Career Criminal Act ("ACCA") enhancement, which imposed a mandatory minimum sentence of fifteen years' imprisonment. See 18 U.S.C. § 924(e). The Court sentenced Defendant to the mandatory minimum.

In his motion, dkt. no. 130, Defendant contends "[t]he cumulative effect of the combination of [his] circumstances" qualify as "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) that warrant compassionate release. Those circumstances include alleged changes in the law, harsh conditions of confinement, and his rehabilitation efforts.

Defendant seeks a sentence reduction pursuant to U.S.S.G. § 1B1.13(b)(5), a "catchall" provision that allows the Court to reduce a sentence when a "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those

3

described in paragraphs (1) through (4)." The reasons described in paragraphs (1) through (4) are: medical circumstances of the defendant, age of the defendant, family circumstances of defendant, and defendant being a victim of abuse while in custody. § 1B1.13(b)(1)-(4).

The Court finds that Defendant's proposed combination of circumstances does not qualify as extraordinary and compelling reasons warranting compassionate release. As a threshold matter, Defendant's reasons—a change in the law, conditions of confinement and rehabilitation—are not "similar in gravity" to a defendant's medical circumstances, age, family circumstances or victimization. Defendant has therefore not met the express requirements of § 1B1.13(b)(5). Moreover, Defendant's proposed reasons for a sentence reduction suffer from other flaws, as well.

Defendant first relies on a change in law to support a sentence reduction. To simplify, Defendant argues his burglary conviction should not have contributed to his ACCA enhancement at sentencing. Although Defendant admits he "walked onto a construction site . . . and unlawfully took some building material," he argues the non-violent characteristics of his crime are incompatible with the purpose behind the ACCA and, therefore, his burglary conviction should not have culminated in an ACCA enhancement. Dkt. No. 130 at 5. Defendant argues that the law at the time of his sentencing "prevented any consideration of those facts and required the Court to sentence [him] to 15 years," but a sentencing court now "has extended discretion to go below [a] mandatory minimum." Id. at 4, 5. However, the Eleventh Circuit has held that "changes of law are not proper considerations under U.S.S.G. § 1B1.13(b)(5)." Thus, Defendant's argument does not contribute to a showing of extraordinary and compelling reasons warranting a sentence reduction.

Defendant next relies on harsh conditions within his facility to support a sentence reduction. Defendant's alleged harsh conditions occurred during the COVID pandemic.

4

"Although the COVID-19 pandemic undoubtedly made prison conditions more difficult[,] [it] made conditions more difficult for *everyone*" who was incarcerated during that time. United States v. Hernandez, No. 19-10002-02, 2024 WL 52287, at *3 (D. Kan. Jan. 4, 2024) (emphasis added). If Defendant's argument were adopted, "everyone who was incarcerated during the height of the COVID-19 pandemic should receive a sentence reduction because they experienced different or difficult prison conditions." Id. This simply cannot be the case. Further, the U.S. Sentencing Commission, while aware of such modified prison conditions, has not identified such conditions as an extraordinary and compelling reason warranting compassionate release.

Finally, Defendant asserts that his efforts toward rehabilitation can be considered along with other extraordinary and compelling reasons for purposes of granting compassionate release. Dkt. No. 130 at 10. However, the Court has found that Defendant has failed to put forth another extraordinary and compelling reason warranting relief, and, as Defendant concedes, rehabilitation of the defendant, by itself, is not sufficient to warrant compassionate release.

Accordingly, Defendant has failed to show an extraordinary and compelling reason warranting a sentence reduction. His motion, dkt. no. 130, is **DENIED**.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

May 8, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA